Filed 5/21/25  Keough v. Luna CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MORGAN KEOUGH,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DIANA LAURA RODRIGUEZ LUNA,<br><br>  Defendant and Appellant. | 2d Civ. No. B337028<br>(Super. Ct. No. 56-2019-00531755-CU-PA-VTA.)<br>(Ventura County) |

Diana Laura Rodriguez Luna appeals a judgment entered in favor of Morgan Keough following a jury trial.  We reject Luna's contention of attorney misconduct and affirm.

This appeal concerns a lawsuit to recover damages for injuries suffered by Keough in an automobile collision on May 13, 2019, at the intersection of Peach Hill and Tierra Rejada Roads in Moorpark.  Luna claims that Keough's attorney committed prejudicial misconduct at trial by, among other things, attempting to elicit testimony from an expert witness regarding the number of past medical visits Keough attended.  The trial court denied a mistrial regarding this matter and later a motion

for new trial. We agree with the court that the information had little probative value and did not deprive Luna of a fair trial.

*FACTUAL AND PROCEDURAL HISTORY*

In the early morning of May 13, 2019, Keough's automobile collided with one driven by Luna as Keough made a left turn. Both vehicles were severely damaged and Keough suffered serious injuries, including a crushed left foot, traumatic brain injury, and optic nerve damage.

Keough brought an action against Luna for vehicular negligence. Keough sought future medical expenses and past and future noneconomic damages. She waived past medical expenses as well as damages for past and future earnings.

In a pretrial hearing, Keough informed the trial court that she "waived her claim for past medical bills." Luna stated that "[w]e want to make sure right here right now that there are no medical bills coming in." The court agreed, stating that the past medical bills were not relevant.

The trial court and counsel then discussed the matter of the number of Keough's past medical visits and the necessary foundation to establish that number. Luna objected on foundation and hearsay grounds to a list of 173 visits, by date and name of the medical provider. The court warned Keough to lay a proper foundation. Evidence of the *number* of past visits, Keough asserted, was relevant to her past noneconomic damages.

Luna then requested the trial court to order that the number of Keough's past medical visits be removed from Keough's opening statement PowerPoint presentation. The court declined to make that ruling. Instead, it ruled that the timeline of Keough's medical appointments could remain in the opening PowerPoint if the number of visits would be established "through

2

[Keough's] testimony or somebody else's testimony." Luna agreed that the number of medical visits could remain in the opening statement as long as "they do what it takes to get it admitted." Subsequently, both counsel referred to Keough's 172 or 173 prior medical visits in opening statements; Luna's counsel challenged the number as "fabricated."

*Easel Presentation During Opening Statements*

During opening statement, Keough positioned an easel with her key points written on it. The trial court admonished Keough regarding the position of the easel because the court and Luna were unable to see it. The court referred to the positioning of the easel as "inappropriate" and "not good." Keough apologized for the unintentional error.

The trial court then ordered Keough to provide hard copies of the poster boards on the easel. The copies were lodged with the court. The copies contain brief statements regarding the date of the crash, the figures $15 to $20 million, and whether the traffic signal was green or red.

*Trial Testimony of Doctor David Fish*

During the testimony of Doctor Fish, Keough's counsel attempted to establish the number of Keough's prior medical visits related to the accident. Fish had examined and treated Keough and had reviewed her medical records. The trial court sustained a foundation (hearsay) objection from Luna's counsel. Keough's counsel then elicited testimony that Fish had reviewed the medical records. When counsel again asked the question regarding prior medical visits, Luna's counsel again objected on the grounds of foundation. This time, the court directed Fish to answer. Fish responded that "[o]ver 170 visits" were attributable to the accident. The court then belatedly sustained the objection

3

and struck the answer.  Keough's counsel persisted and one more time asked Fish whether he had determined the approximate number of medical visits related to the accident.  Again, the court sustained a foundation objection.

Luna then moved for a mistrial, contending that Keough had attempted to elicit evidence without proper foundation.  The trial court denied the motion, ruling that Fish's answer had been struck and the number of medical visits would be established through other means.

*Keough's Testimony Regarding Past Medical Visits*

Keough testified at trial.  In response to her counsel's question, Keough stated that she had undergone "at least 150" medical visits as a result of the accident.  Luna did not object or move to strike the answer.  Beforehand, the trial court stated that such question to Keough was "certainly fair game."

*Jury Verdict, New Trial Motion, and Appeal*

The jury awarded Keough $3,592,291, including $50,000 for past noneconomic damages and $75,000 for future noneconomic damages.

Luna moved for a new trial in part arguing that the trial court should have declared a mistrial after permitting the jury to hear Fish's testimony regarding the number of past medical visits.  The court denied the new trial motion, stating that it had struck Fish's response and it was not prejudicial.

Luna now appeals and contends Keough's counsel committed misconduct.  (*City of Los Angeles v. Decker* (1977) 18 Cal.3d 860, 872 [attorney misconduct as ground for new trial].)

*DISCUSSION*

Review of the appellate record reveals that the trial court permitted Keough to state the number of prior medical visits in

4

her PowerPoint presentation if the number was established "through [Keough's] testimony or somebody else's testimony." Keough testified that she had "at least 150" medical visits. Each counsel referenced the number of prior medical visits during opening statements.

The trial court properly denied Luna's motion for a mistrial regarding Keough's counsel's questions to Fish regarding prior medical visits. Keough testified to "at least 150" visits. It is not reasonably probable Luna would have obtained a more favorable outcome in the absence of Fish's response. (*Garcia v. ConMed Corp.* (2012) 204 Cal.App.4th 144, 148 [standard of review for attorney misconduct claim].)

We have reviewed the photocopies of the four poster boards that Keough's counsel used during the opening statement. The photocopies are contained in the respondent's appendix. There is no reference to the number of past medical visits Keough attended.

## DISPOSITION

The judgment is affirmed. Keough shall recover costs. <u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.　　　　CODY, J.

5

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Baker & Hostetler, LLP, Phillip J. Eskenazi and Alexis Cruz for Defendant and Appellant.

Trial Lawyers for Justice, Clinton E. Ehrlich-Quinn, Nicholas Rowley, John Kawai and Henry A. Peacor for Plaintiff and Respondent.